UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**THOMAS LAYNE HEAD**              CASE NO. 3:21-CV-01891

**VERSUS**                         JUDGE TERRY A. DOUGHTY

**VICTOR LEE GARDNER, ET AL.**     MAG. JUDGE KAYLA D. MCCLUSKY

## REPORT AND RECOMMENDATION

Before the undersigned is a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted filed by Defendant Amanda Marcelle ("Marcelle"). [doc. #9]. Plaintiff Thomas Head ("Head"), appearing pro se, opposes the motion. [doc. #12].

For the reasons assigned below, it is recommended that Marcelle's motion be granted in part and dismissed in part and that Head's claims against Marcelle be dismissed without prejudice for lack of subject-matter jurisdiction.

**I.      BACKGROUND**

Head claims that, on an unidentified date, a Department of Child and Family Services ("DCFS") employee removed Head's children from his care and placed them with their mother, despite a purported protective order that Head and his children had against her. [doc. #1, p. 6-7]. Apparently, Head discussed this alleged protective order with Marcelle, his case worker, and appears to complain that despite this conversation, his children were still removed from his care. *Id.* at 7.

1

On June 30, 2021, Head filed suit in this Court against Marcelle,[1] seeming to allege that Marcelle's actions violated his Third and Fourteenth Amendment rights.[2]

On November 5, 2021, Marcelle filed the instant motion to dismiss urging the Court to dismiss Head's case for lack of subject matter jurisdiction and for failure to state a claim. [doc. #9]. Specifically, Marcelle claims that Head's claims against her are barred by sovereign immunity. [doc 9, p. 1]. Marcelle also argues that Head's complaint fails to state a claim, that Marcelle is protected by qualified immunity, and that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. *Id.*

On November 11, 2021, Head filed a document entitled "Motion to Continue," in which he explains that his sons are still in the care of their mother and urges the undersigned to "grant the motion to continue so [he] can get [his] boys back."[3] [doc. #12, p. 1]. Head did not, however, substantively address the arguments raised in Marcelle's motion to dismiss.

On November 19, 2021, Marcelle filed a reply brief. [doc. #13]. Accordingly, this matter is ripe.

---

[1] Although Head initially named four defendants, on December 28, 2021, the undersigned issued an Order of Dismissal for failure to effect service on the other three defendants. [doc. #15].

[2] The pro se plaintiff's complaint form used by Head asks him to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue." [doc. #1, p. 3]. Head's response merely listed "3 and 14," without further explanation. *Id.*

[3] Although it does not appear that Head is requesting a motion to continue in the typical sense, to the extent that he is, Head's motion is DENIED.

2

## II. LEGAL STANDARD

A party's invocation of Eleventh Amendment immunity is analyzed as a challenge to the federal court's exercise of federal subject matter jurisdiction. *Mahogany v. La. State Sup. Ct.*, 262 Fed App'x 636 (5th Cir. 2008) (citations omitted); *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) ("Sovereign immunity is indeed a jurisdictional bar.").

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

"A court can find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Enable Miss. River Transmission, LLC v. Nadel & Gussman*, 844 F.3d 495, 497 (5th Cir. 2016) (citations and internal quotation marks omitted).

## III. ANALYSIS

Marcelle argues that Head's claims against her must be dismissed. As an initial matter, Marcelle claims that this Court lacks subject matter jurisdiction over Head's claims because Marcelle is immune from suit under the Eleventh Amendment. Marcelle also argues that Head's

claims must be dismissed because Head fails to state a claim upon which relief can be granted, because Marcelle is protected by qualified immunity and because the *Rooker-Feldman* doctrine bars this Court from reversing a state court judgment absent congressional authority.

    A.  *Sovereign Immunity*

It is well settled that

> The Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against her own state or a state agency or department. Claims under federal statutes do not override the Eleventh Amendment bar unless there is a clear showing of congressional intent to abrogate the bar. Section 1983 does not override the Eleventh Amendment bar.

*Darlak v. Bobear*, 814 F.2d 1055, 1059 (5th Cir. 1987) (citation omitted); *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). The Eleventh Amendment bars suits for both monetary damages and injunctive relief against a state entity. *Darlak*, 814 F.2d at 1060. It also precludes federal courts from hearing state law claims brought in federal court against state entities. *Raj*, 714 F.3d at 329 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117 (1984)); *Richardson v. S. Univ.*, 118 F.3d 450, 453 (5th Cir. 1997). While a federal statute can override the Eleventh Amendment bar with clear congressional intent, it is manifest that § 1983 does not abrogate a state's sovereign immunity. *Hanna v. LeBlanc*, 716 Fed. App'x 265, 268 (5th Cir. 2017); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).

An individual sued in her official capacity is entitled to Eleventh Amendment protection. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Ky. V. Graham*, 473 U.S. 159, 166 (1985) (citing *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)); *see also Green v. State Bar of Tex.*, 27 F.3d 1083, 1087-88 (5th Cir. 1994) (plaintiff cannot evade Eleventh Amendment by suing state employees in their official capacity).

There is, of course, a caveat to Eleventh Amendment protection. The *Ex Parte Young* doctrine recognizes an exception to Eleventh Amendment immunity for claims of prospective injunctive or declaratory relief against a state official. *Ex Parte Young*, 209 U.S. 123 (1908). Stated differently, "prospective injunctive or declaratory relief against a state [official] is permitted . . . but retrospective relief in the form of a money judgment in compensation for past wrongs . . . is barred." *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 322 (5th Cir. 2008) (citation omitted). The *Ex Parte Young* exception is limited to a lawsuit that seeks prospective relief from a continuing or ongoing violation of federal law. *Reed v. Goertz*, 995 F.3d 425, 429 n.2 (5th Cir. 2021) (citation omitted). "In determining whether the *Ex parte Young* doctrine avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry' into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Public Serv. Com'n of Maryland*, 535 U.S. 635, 636 (2002).

In his complaint, Head requests that this Court enter a judgment awarding him at least four million dollars[4] from Marcell for pain and suffering, as well as the psychiatric help he and his children will need due to the alleged wrongs. However, Marcelle is protected by the Eleventh Amendment. As an initial matter, DCFS is a state agency that is subject to Eleventh Amendment immunity. *See Schannette v. Doxey*, 12-cv-1416, 2013 WL 4516041, at *11 (W.D. La. Aug. 22, 2013) ("[T]he plaintiffs' official capacity claims against the DCFS defendants must be dismissed, as DCFS enjoys immunity under the Eleventh Amendment."). While this immunity may be waived, Louisiana has refused to do so. *See* LA. R.S. § 13:5106(A) ("No suit

---

[4] At one point in his complaint, Head requests 4.3 million dollars, and subsequently, requests $4 million. [doc. #1, p. 4]. Thus, the exact amount requested by Head is not entirely clear.

5

against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."); *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991). Moreover, although Marcelle is an individual, because she was sued in her official capacity,[5] Head's claim is essentially "another way of pleading an action against [DCFS]." *Graham*, 473 U.S. at 166. Thus, Marcelle is entitled to Eleventh Amendment immunity from the official capacity claim against her.

Furthermore, it does not appear that the *Ex Parte Young* exception applies to this case. Although Head makes references to getting his children back, it does not appear that he is requesting injunctive relief for an ongoing violation of federal law. In multiple places in his complaint, when prompted to explain the relief sought, Head merely requests monetary damages. [doc. #1, p. 4, 7-8]. It is only in his opposition to Marcelle's motion to dismiss that he requested that the undersigned "grant the motion to continue so [he] can get [his] boys back." [doc. #12]. Even if Head intends to advance a claim for injunctive relief, the alleged injunctive relief sought must "allege an ongoing violation of federal law." *Spec's Family Partners, Ltd. V. Nettles*, 972 F.3d 671, 681 (5th Cir. 2020) (citation omitted). However, Head fails to allege any violations Marcelle is *currently* committing.

---

[5] Although Head does not use the words "official capacity," he states that he is making claims against "[a]ll the DCFS worker[s]," describes Marcelle as his case worker, and bases his complaints on actions she took – or didn't take – in her position as a case worker. [doc. #1, p. 4, 7]. Moreover, Head does not challenge Marcelle's assertion that she is solely sued in her official capacity. *See Forside v. Miss. State Univ.*, No. 101-cv-438, 2002 WL 31992181, at *5 n.5 (N.D. Miss. 2002) ("While some circuits require rigid pleading requirements to specify individual or official capacity in section 1983 suits, . . . the Fifth Circuit looks to the substance of the claim, the relief sought, and the course of proceedings."); *see also U.S. ex rel. Adrian v. Regents of Univ. of California*, 363 F.3d 398, 402-03 (5th Cir. 2004) (the course of proceedings suggested that defendant was sued only in official capacity because plaintiff did not challenge defendant's assertion that defendant was sued in official capacity). Accordingly, Head's claims are made against Marcelle in her official capacity.

In sum, this Court lacks subject matter jurisdiction to proceed against Marcelle, in her official capacity, based on her Eleventh Amendment immunity, and it is recommended that Head's claims against her be dismissed without prejudice on this basis. See *Warnock v. Pecos County, Tex.,* 88 F.3d 341, 343 (5th Cir. 1996) ("Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice.").

### B. Other Arguments

Marcelle also seeks dismissal of Head's claims because Head fails to state a claim upon which relief can be granted, because Marcelle is entitled to qualified immunity, and because this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. [doc. #9, p. 12, 14, 18]. However, having determined that this Court lacks subject matter jurisdiction over Head's claims, the Court proceeds no further. Accordingly, it is recommended that Marcelle's motion to dismiss on the grounds that Head fails to state a claim upon which relief can be granted, on the basis of qualified immunity, and based on the lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine be DENIED AS MOOT.

## IV. CONCLUSION

Accordingly, IT IS RECOMMENDED that Marcelle's motion to dismiss be GRANTED IN PART and DENIED IN PART AS MOOT. To the extent that Marcelle moves for dismissal due to immunity under the Eleventh Amendment, it is recommended that her motion be GRANTED, and Head's claims against Marcelle be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction. To the extent that Head moves for dismissal due to Head's

7

failure to state a claim, qualified immunity, or lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, it is recommended that the motion be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 8th day of February, 2022.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE